UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KEITH J. DE GANNES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 16 C 1851 |
| | ) | |
| UNITED AIRLINES, | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM OPINION

**CHARLES P. KOCORAS, District Judge:**

Now before the Court is Defendant United Airlines' ("United") motion to dismiss Count I and Count III of Plaintiff Keith J. De Gannes' ("De Gannes") complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"). For the following reasons, United's motion to dismiss Count I and Count III is granted.

# BACKGROUND

For the purposes of the instant motion, the following well-pleaded allegations derived from De Gannes' complaint are accepted as true. The Court draws all reasonable inferences in favor of De Gannes. *See Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008).

In November of 2006, De Gannes started working for Continental Airlines as a flight attendant. Dkt. 1, at ¶ 11. In October of 2010, Continental Airlines and United merged. *Id.*, at ¶ 12. After the merger, De Gannes continued to work as a flight attendant for United. However, on August 24 2015, De Gannes was terminated. *Id.*, at ¶¶ 13, 78. Prior to his termination, De Gannes "was well respected by his colleagues" and he received "certificates of recognition[ ] for his hard work." *Id.*, at ¶¶ 14-15. De Gannes claims that while working as a flight attendant he was subjected to race based discrimination and harassment from both customers and colleagues. *Id.*, at ¶¶ 16-17. According to De Gannes, the discrimination escalated after the merger. *Id.*, at ¶ 19.

In July of 2015, De Gannes was a flight attendant on a plane traveling from Alaska to Chicago. *Id.*, at ¶ 36. His brother was traveling on the same flight "on a properly documented pass-rider." *Id*. De Gannes alleges that his brother "was assigned seat 7D on the aircraft" and that his brother "remained seated there during the entire flight." *Id.*, at ¶ 37. After the flight, Barbra Wilkie ("Wilkie"), a United employee, accused De Gannes of upgrading his brother to a first class seat. *Id.*, at ¶ 38. De Gannes claims that this did not happen. *Id*. at ¶ 37. Instead, he alleges, that Wilkie "made up a false story" and reported the incident to De Gannes' manager. *Id.*, at ¶ 42. Around August 18, 2015, De Gannes reported the alleged racial discrimination. *Id.*, at ¶ 76. At some point thereafter, a two day investigation ensued. *Id.*, at ¶¶ 43-45, 77. As a result of the investigation, it was determined that no

discrimination occurred. *Id.*, at ¶ 77. De Gannes was then terminated on August 24, 2015. *Id.*, at ¶¶ 13, 78.

On August 31, 2015, De Gannes filed a charge against United with the United States Equal Employment Opportunity Commission ("EEOC") alleging that United discriminated against him on the basis of his race. *Id.*, at ¶ 6. Subsequently, on October 30, 2016[1], De Gannes claims he received a "Notice of Right to Sue letter from the EEOC, which allowed [him] to commence a civil action with the appropriate Court within 90 days of [ ] receipt of the letter." *Id.*, at ¶ 8. De Gannes filed his complaint on February 1, 2016. The complaint alleges that United discriminated against De Gannes because of race, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") (Count I) and in violation of 42 U.S.C. § 1981 (Count II), and that United retaliated against De Gannes when they terminated him after he engaged in protected activity under Title VII (Count III).

## LEGAL STANDARD

A motion to dismiss pursuant to Rule 12(b)(6) "tests the sufficiency of the complaint, not the merits of the case." *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 878 (7th Cir. 2012). The allegations in a complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R.

---

[1] Although the complaint states that De Gannes "received a Notice of Right to Sue Letter from the EEOC" on or about October 30, 2016, the Court assumes that this is a typo as all other references to the "Notice of Right to Sue Letter from the EEOC" state the letter was received on October 30, *2015*. Moreover, it would be impossible for De Gannes to have received the "Notice of Right to Sue Letter from the EEOC" on October 30, 2016.

Civ. P. 8(a)(2). A plaintiff need not provide detailed factual allegations but must provide enough factual support to raise his right to relief above a speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A claim must be facially plausible, meaning that the pleadings must "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The claim must be described "in sufficient detail to give the defendant 'fair notice of what the . . . claim is and the grounds upon which it rests.'" *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to withstand a motion to dismiss under Rule 12(b)(6). *Iqbal*, 556 U.S. at 678.

## DISCUSSION

On February 1, 2016, De Gannes filed a three count complaint. United contends that Count I and Count III of De Gannes' complaint must be dismissed because De Gannes filed the complaint after the ninety day period allowed for filing. Dkt. 11, p. 2 (citing *Threadgill v. Moore U.S.A., Inc.*, 269 F.3d 848, 849-50 (7th Cir. 2001)) (citing 42 U.S.C. § 2000e-5(f)(1)) ("civil action alleging a Title VII violation must be filed within 90 days of receiving" right-to-sue letter). De Gannes argues that "a 12(b)(6) motion is not the proper means to address a statute of limitations defense," Dkt. 13, p. 4, and in the alternative, if De Gannes' complaint is untimely, "principles of equitable tolling should apply to excuse" the untimeliness. *Id.*, p. 5.

**I. Timeliness**

"Although generally a plaintiff is not required to plead around an affirmative defense, such as a statute of limitations, the district court can dismiss a complaint as untimely if the plaintiff has admitted all the elements of the affirmative defense." *Khan v. United States*, 808 F.3d 1169, 1172 (7th Cir. 2015); *see also O'Gorman v. City of Chi.*, 777 F.3d 885, 889 (7th Cir. 2015) ("if a plaintiff alleges facts sufficient to establish a statute of limitations defense, the district court may dismiss the complaint on that ground"). Here, the parties agree that "[a] civil action alleging a Title VII violation must be filed within 90 days of receiving a right-to-sue notice from the EEOC." *Threadgill*, 269 F.3d at 849-50. They also agree that "[t]he 90-day period of limitations set forth in 42 U.S.C. § 2000e-5(f)(1) begins to run on the date that the EEOC right-to-sue notice is actually received either by the claimant or by the attorney representing him in the Title VII action." *Id*. at 850 (quoting *Jones v. Madison Serv. Corp.*, 744 F.2d 1309, 1312 (7th Cir. 1984)) (emphasis omitted). In his complaint, De Gannes claims that he "received a Notice of Right to Sue letter from the EEOC" on or about October 30, 2015. Dkt. 1, ¶ 8. In his response brief, De Gannes also asserts that October 30, 2015 was the date that he "received his right-to-sue letter via regular U.S. postal mail" and that "[u]pon receiving it he immediately opened the document and learned the contents of the letter." Dkt. 13, p. 4. Thus, the ninety day period of limitations began on October 30, 2015.

De Gannes asserts that ninety days from October 30, 2015 "would have been Saturday, January 30, 2016," and pursuant to Federal Rule of Civil Procedure 6(a)(1)(C), because the deadline fell on a Saturday, the ninety day period continued "to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Dkt. 13, p. 5 (citing Fed. R. Civ. P. 6(a)(1)(C)). Thus, De Gannes contends, he had until the following Monday, February 1, 2016, to file his complaint. *Id*.

Unfortunately, De Gannes has miscalculated ninety days from October 30, 2015. As United correctly asserts, ninety days from October 30, 2015 would have been Thursday, January 28, 2016. Dkt. 11, p. 3. Thus, De Gannes filed his complaint four days late due to a miscalculation of ninety days from October 30, 2015. Additionally, even if we were to calculate the ninety day period from October 31, 2015, due to De Gannes' belief "that the following date from receipt would start the clock," Dkt. 13, p. 6, the complaint is still late, as ninety days from October 31, 2015 would have been Friday, January 29, 2016. Although generally De Gannes would not be "required to plead around an affirmative defense," as demonstrated by the date that he received his right-to-sue letter and the date he filed his complaint, De Gannes has admitted "all the elements of the affirmative defense." *See Khan*, 808 F.3d at 1172; *see also O'Gorman*, 777 F.3d at 889. Accordingly, the motion to dismiss Count I and Count III is granted because De Gannes has pleaded himself out of court by alleging facts that establish that his Title VII claims are untimely.

**II. Equitable Tolling**

De Gannes subsequently argues that "[i]n the event[ ] the 90th day was January 29, 2016," his failure to file his complaint on that day "was simply a good faith error of the Plaintiff's counsel and was not done intentionally or in bad faith." Dkt. 13, p. 6. Thus, De Gannes contends, equitable tolling should be applied. United asserts that "[b]efore the principles of equitable tolling apply, Plaintiff must demonstrate, first, that extraordinary circumstances outside his control and through no fault of his own prevented him from timely filing his petition," and "[s]econd, he also must show that he has diligently pursued his claim, despite the obstacle." Dkt. 15, p. 2-3.

In the instant matter, De Gannes fails to provide any precedent from this Circuit which supports his argument that a miscalculation of the ninety day period amounts to a good faith error or an extraordinary circumstance which justifies equitable tolling. The cases that De Gannes cites to in support of his argument that equitable tolling should be applied are distinguishable and are not controlling. *See Seitzinger v. Reading Hosp. & Med. Ctr.*, 165 F.3d 236, 237-38 (3rd Cir. 1999) (after repeated questioning from the plaintiff regarding whether her complaint had been filed, her attorney "affirmatively misrepresented to her that he had" filed the complaint, when in fact he had not); *Cantrell v. Knoxville Cmty. Dev. Corp.*, 60 F.3d 1177 (6th Cir. 1995) (remand was necessary to determine whether equitable tolling was appropriate where attorney abandoned his client due to his own mental illness); *Ortiz v. Clarence H. Hackett, Inc.*, 581 F. Supp. 1258 (N.D. Ind. 1984) (initial complaint filed within the

ninety day period).  The circumstances in *Seitzinger*, *Cantrell*, and *Ortiz* are not present here.  More importantly, however, the controlling authority precludes equitable tolling.

De Gannes relies on *Threadgill* to support his argument that equitable tolling "is reserved for situations in which the claimant 'has made a good faith error (*e.g.,* brought suit in the wrong court) or has been prevented in some extraordinary way from filing his claim on time.'"  *Threadgill*, 269 F.3d at 850 (quoting *Jones*, 744 F.2d at 1314).  Yet, the Court in *Threadgill* never recognized a miscalculation of the filing deadline as a "good faith error," and instead it stated that "[w]hile Threadgill's failure to understand the implications of the right-to-sue notice elicits sympathy, '[p]rocedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants.'"  *Id*. at 850-51 (quoting *Baldwin v. Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984)).  The courts in this district have adhered to the holding in *Threadgill* and have yet to recognize a miscalculation of a filing deadline as a "good faith error" that warrants equitable tolling.  *See Hines v. Srv. Corp. Int'l*, No. 08 C 856, 2008 WL 2692033, at *2 (N.D. Ill. July 1, 2008) ("confusion regarding whether holidays were included in the ninety day period afforded does not qualify as a good faith error tantamount to filing [ ] suit in the wrong court); *Clark v. Residents' Journal*, No. 02 C 7933, 2003 WL 21518553, at *3 (N.D. Ill. July 2, 2003) ("[p]laintiff's incorrect assumption that only business days counted towards the ninety-day limitation, as well

8

as her unsuccessful attempts to obtain free legal services, do not amount to good faith error"); *Flaherty v. Ill. Dep't of Corrs.*, No. 94 C 1065, 1995 WL 290398, at *2 (N.D. Ill. May 10, 1995) (miscalculation of ninety days does not justify equitable tolling). Moreover, following *Holland v. Florida*, 560 U.S. 631, 651 (2010), the Seventh Circuit has repeatedly recognized that while a lawyer's "egregious behavior" may satisfy the "extraordinary circumstance" standard necessary to implicate equitable tolling, "neither 'a garden variety claim of excusable neglect' nor a 'miscalculation' about the time available for filing is an 'extraordinary' circumstance." *Griffith v. Rednour*, 614 F.3d 328, 331 (7th Cir. 2010) (quoting *Holland*, 560 U.S. at 651); *see also Obriecht v. Foster*, 727 F.3d 744, 749 (7th Cir. 2013) ("garden variety negligence includes 'simple legal mistake[s],' such as an attorney's miscalculation of the filing deadline . . ."); *and Lee v. Cook Cnty., Ill.*, 635 F.3d 969, 973 (7th Cir. 2011) (a lawyer's failure to meet a filing deadline "does not support equitable tolling"). Thus, while the Court sympathizes with De Gannes regarding his attorney's miscalculation of the ninety day deadline, equitable tolling is not justified.

Finally, De Gannes's relies on *Hunter v. Countryside Association For the Handicapped, Inc.*, to support his argument that courts consistently allow equitable tolling in situations where the claimant actively and diligently pursued his rights. Dkt. 13, p. 6 (citing 710 F. Supp. 233 (N.D. Ill. 1989)). *Hunter* is not only distinguishable, but because De Gannes is unable to establish an extraordinary circumstance which prevented him from timely filing his complaint, his ability to show that he diligently

pursued his claims has no effect on the Court's analysis regarding whether equitable tolling is applicable. *See Hunter*, 710 F. Supp. at 236-37 (plaintiff's motion for leave to file an amended complaint tolled the ninety day period). Accordingly, De Gannes request to apply equitable tolling to Count I and Count III is denied.

## CONCLUSION

For the aforementioned reasons, Defendant United Airlines motion to dismiss Count I and Count III of the complaint is granted. It is so ordered.

_____
Charles P. Kocoras
United States District Judge

Dated: 6/3/2016